**Affirmed and Majority and Concurring Memorandum Opinions filed April 16, 2020.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-18-00726-CR

---

### ROBERT ANTONIO HOUSTON, Appellant

#### v.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1522384**

---

### MEMORANDUM CONCURRING OPINION

Appellant reminds us of the provisions of the state Factual Conclusivity Clause. Tex. Const. art. V, § 6(a). Appellant essentially contends that the Court of Criminal Appeals of Texas erred in issuing *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), as that opinion violates the state Factual Conclusivity Clause, as

well as the federal Due Process and Equal Protection Clauses, and the state Due Course of Law Clause. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 13.

It is not this court's place in the Texas appellate system to overrule an opinion of the court of criminal appeals. *See* Tex. Const. art. V, § 5(a). To the extent that appellant believes he must preserve his challenge to *Brooks* here, I understand. But as this can only be resolved at the state level by the court of criminal appeals, the *Brooks* challenge is not an issue this court has the power on which to rule on the merits. *See Mayer v. State*, 494 S.W.3d 844, 848 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Accordingly, not ruling on the merits of this issue does not violate our duty to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1.

With these concurring remarks, I otherwise join the court's opinion and judgment.

/s/    Charles A. Spain
Justice

Panel consists of Justices Christopher, Spain, and Poissant (Spain, J., concurring). Do Not Publish – Tex. R. App. P. 47.2(b)